

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELLIE CASILLAS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE<br>CORPORATION, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  26-cv-01605-AJB-SBC<br><br>**ORDER STRIKING ANSWER**<br><br>(Doc. No. 8) |

Before the Court is Defendant Costco Wholesale Corporation's ("Costco") Answer (Doc. No. 8) to Plaintiff Nellie Casillas' ("Casillas") Complaint (Doc. No. 1-2 at 2–5).

Costco removed this action to this Court on March 13, 2026. (Doc. No. 1.) However, Costco failed to respond to the Complaint by the morning of March 30, 2026, more than a week after its response was due by March 20, 2026. (*See* Doc. No. 6.) The Court accordingly directed the Clerk of Court to enter default against Costco. (*Id.*) The Clerk of Court then entered default against Costco. (Doc. No. 7.) Costco filed its Answer afterwards. (Doc. No. 8.)

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). "Entry of default

1

cuts off a defendant's rights to appear in the action, file counterclaims, and present a defense." *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13-cv-01395-GPC-BLM, 2014 WL 5465373, at \*2 n.1 (S.D. Cal. Oct. 28, 2014) (citing *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927)). "A defendant's remedy if a defendant wants to set aside default . . . is for the defendant to file a motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure." *Transamerica Life Ins. Co. v. Shubin*, No. 11-cv-01958-LJO-SKO, 2012 WL 5364645, at \*2 (E.D. Cal. Oct. 31, 2012) (citation omitted). "[A] party in default is generally precluded from participating in the case until the entry of default has been set aside." *Joe Hands Prods., Inc. v. Estrada*, No. 10-cv-02165-OWW-SKO, 2011 WL 1232606, at \*1 n.1 (E.D. Cal. Mar. 31, 2011), *adopted* 2011 WL 1557876 (E.D. Cal. Apr. 25, 2011).

As noted above, the Clerk of Court entered default against Costco before Costco filed its Answer. (Doc. Nos. 7; 8.) Costco has not moved to lift the entry of default. It is accordingly precluded from "participating in the case." *Joe Hands*, No. 10-cv-02165-OWW-SKO, 2011 WL 1232606, at \*1 n.1; *see also Oliver v. All-Pro Bail Bonds, Inc.*, No. 17-cv-01294-AJB-NLS, 2017 WL 11421541, at \*1 (S.D. Cal. Aug. 16, 2017). Thus, if Costco wishes to defend against the action, its only recourse is to seek to set aside the entry of default.

Accordingly, Costco's Answer is **STRICKEN**.

**IT IS SO ORDERED**.

Dated:  April 2, 2026

Hon. Anthony J. Battaglia
United States District Judge

2