UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELLIE CASILLAS, | Case No.: 26-cv-01605-AJB-SBC |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT** |
| COSTCO WHOLESALE CORPORATION, et al., | |
| Defendants. | (Doc. No. 10) |

Before the Court is Defendant Costco Wholesale Corporation's ("Costco") Motion to Set Aside Default. (Doc. No. 10.) Costco conferred with counsel Plaintiff Nellie Casillas ("Casillas"), who agreed to stipulate to setting aside the default. (Doc. Nos. 10 at 4; 10-1 at 14.) In light of Casillas' agreement, the Court construes the motion as a joint motion.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." The court must "consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up). A "finding that any one of these factors is true is sufficient reason for the district court to refuse to set

1

aside the default." *Id.* However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)).

Costco indicates that its default "was the result of a mistake" because "Costco's counsel simply neglected to lodge a copy of the Answer it had filed." (Doc. No. 10 at 6–7.) Costco reasons that this factor accordingly favors setting aside default. (*Id.* at 7.)

The Court agrees.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (quoting *TCI*, 244 F.3d at 700). To satisfy the meritorious defense requirement, a defendant merely needs to "allege sufficient facts that, if true, would constitute a defense." *Id.*

Costco claims that it has "one or more potentially meritorious defenses which it should be allowed to present in court." (Doc. No. 10 at 7.) Costco points out that Casillas' "claimed injuries and damages may be exaggerated or inflated" because Casillas "does not appear to have been injured as a result of this incident." (*Id.* (citing Doc. No. 10-1 ¶ 5).)

This response "allege[s] sufficient facts that, if true, would constitute a defense" and carries Costco's "minimal" burden for setting aside default. *Mesle*, 615 F.3d at 1094.

For the reopening of a default judgment to be prejudicial, "the delay [in litigation] must result in tangible harm such as loss of evidence, increased difficulties or discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (9th Cir. 1996).

Costco contends that Casillas would not be prejudiced because she "is unable to show any 'evidentiary or financial loss' that would result from the default setting aside." (Doc. No. 10 at 9.)

26-cv-01605-AJB-SBC

Given Casillas' apparent consent (Doc. No. 10-1 at 14), the Court concurs that setting aside the entry of default will not prejudice Casillas. *See Thompson*, 95 F.3d at 433–34.

Under these circumstances, the Court **FINDS** that good cause exists to set aside the entry of default against Costco. Costco's motion is **GRANTED** accordingly, and the Court **SETS ASIDE** the entry of default. The Court further **ORDERS** Costco to file its answer by **April 10, 2026**.

**IT IS SO ORDERED**.

Dated:  April 3, 2026

Hon. Anthony J. Battaglia
United States District Judge

26-cv-01605-AJB-SBC