UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NELLIE CASILLAS,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, et al.,

Defendants.

Case No.: 26-cv-01605-AJB-SBC

**ORDER GRANTING MOTION TO REMAND**

(Doc. No. 15)

Before the Court is the Motion to Remand filed by Plaintiff Nellie Casillas ("Casillas"). (Doc. No. 15.) The motion is fully briefed. (Doc. Nos. 15; 18–19.)

For the reasons set for below, the Court **GRANTS** Casillas's motion to remand. (Doc. No. 15.)

## I. BACKGROUND

### A. Factual Background

According to Casillas, on May 4, 2024, Defendant Larry Lopez ("Lopez") pushed a line of shopping carts into her and injured Casillas while she was shopping at the Costco Warehouse run by Defendant Costco Wholesale Corporation ("Costco") and located at 725

Center Drive, San Marcos, California 92069. (*Id.* at 6; *see also* Doc. No. 1-2 at 5.)[1] At that time, Costco employed Lopez. (Doc. No. 15 at 6.) Casillas claims that Defendant Jose Hernandez ("Hernandez") managed and supervised Lopez at the time of the incident. (*Id.*) Casillas seeks damages in the amount of $2,000,010.00. (Doc. No. 1-2 at 11.)

**B. Procedural Background**

On January 2, 2026, Casillas initiated this action in San Diego County Superior Court. (*Id.* at 2–5.) Casillas served the Complaint on Costco on January 21, 2026. (Doc. No. 15-3.) Casillas claims that she served Hernandez via substituted service to a "Mike 'Doe' Person In Charge" on January 26, 2026. (Doc. No. 15-4.) However, nothing in the record indicates that Casillas has attempted to serve Lopez.

On March 13, 2026, Costco removed this case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting that (1) complete diversity exists because Casillas is a citizen of California and Costco is a citizen of the state of Washington (Doc. No. 1 at 2); (2) Lopez and Hernandez had not been served nor appeared in court, and therefore their consent to the removal is not required (*id.*); (3) Hernandez and Lopez were fraudulently joined (*id.*); and (4) the amount in controversy exceeds $75,000 (*id.* at 3).

On April 15, 2026, Casillas moved to remand, arguing that (1) the Court lacks subject matter jurisdiction because complete diversity does not exist (Doc. No. 15 at 8–10); (2) Costco failed to establish the requisite amount in controversy (*id.* at 10–11); and (3) the removal was procedurally defective for lack of consent from all defendants and that Costco knowingly filed an improper notice of removal (*id.* at 12–13).

On April 30, 2026, Costco filed its opposition, arguing that the removal is proper because (1) there are no factual allegations regarding Hernandez and therefore no basis for a claim against him (Doc. No. 18 at 8–11); (2) Hernandez was fraudulently joined (*id.* at 12–17); and (3) there is no evidence Lopez is a California citizen (*id.* at 17).

---

[1] Page citations refer to the pagination generated by the Case Management/Electronic Case files system.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action to federal court only if the district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). "In general, removal statutes are strictly construed against removal." *Luther v. Countywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citations omitted). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* (citation omitted).

## III. DISCUSSION

### A. The Court lacks jurisdiction over Casillas's claim.

Because the removal statute is strictly construed against removal, any doubt about the propriety of removal must be resolved in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). As the removing party, Costco bears the burden of establishing that removal was proper, including that this Court has subject matter jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Because Costco contends that a non-diverse defendant was fraudulently joined, it bears a "'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *GranCare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548–49 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

The Court finds that Costco satisfied the procedural requirements for removal under 28 U.S.C. § 1446. The Court agrees with Casillas, however, that there is not complete diversity. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Costco has not met its burden of establishing that Lopez is diverse from Casillas, nor has it met its burden to show Hernandez, a California citizen, was fraudulently joined, so his presence

independently defeats diversity jurisdiction. *See GranCare*, 889 F.3d at 548. Although the amount in controversy exceeds the $75,000 jurisdictional threshold, 28 U.S.C. § 1332(a), that showing does not cure the lack of complete diversity.

**1. Costco complied with the procedural requirements for removal.**

Casillas claims that Costco did not comply with 28 U.S.C. § 1446's procedural requirements because Costco did not obtain Hernandez and Lopez's consent to the removal. (Doc. No. 15 at 11.)

Costco cites *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir. 1982), and *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011), as authority that it does not need Hernandez and Lopez's consent because they have not been served. (Doc. No. 1 at ¶ 5.)

Costco is correct. Ninth Circuit precedent makes clear that a defendant only needs to obtain the consent of all defendants who have been served to remove a matter to federal court. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (stating that all defendants who have been properly joined and served must join in or consent to removal) (citing *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984)). Casillas does not provide any evidence that she has served Lopez. It is also unclear whether Casillas has properly served Hernandez. (*See* Doc. No. 15-4.)[2] Because Casillas has not shown that she effectuated service on Lopez and Hernandez, Costco did not need

---

[2] Casillas contends that she served Hernandez by substituted service, but she does not offer any evidence that she could serve Hernandez through a "Mike 'Doe' Person in Charge." (*See id.*) Federal Rule of Civil Procedure 4(e)(2) permits service of an individual by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Casillas has not shown that the "Mike 'Doe' Person in Charge" resided at Hernandez's dwelling or was an authorized agent. (*See* Doc. No 15-4.) Nor has Casillas demonstrated compliance with California's substituted-service statute, which permits service on a "person apparently in charge" at a defendant's usual place of business only after reasonable diligence in attempting personal service and a required follow-up mailing. Cal. Code Civ. Proc. § 415.20(b); *see* Fed. R. Civ. P. 4(e)(1). The Court accordingly assumes that Casillas has not served Hernandez.

to obtain their consent to remove the present matter to this Court. *Emrich*, 846 F.2d at 1193 n.1. Accordingly, the Court finds that Costco complied with the procedural requirements of 28 U.S.C. § 1446.

**2. The Court lacks subject matter jurisdiction because complete diversity does not exist.**

Costco has failed to demonstrate that Lopez is diverse from Casillas.

Costco claims that there is no evidence that Lopez is a California citizen and that it does not know Lopez's current residence or citizenship (Doc. No. 18 at 6, 17.) Casillas states that Lopez is a citizen of California. (Doc. No. 15 at 6.) As the removing party, Costco bears the burden of establishing that removal is proper, including that complete diversity exists. *Geographic Expeditions*, 599 F.3d at 1106–07. Costco cannot satisfy its burden by asserting that a defendant's citizenship is unknown; rather, it must affirmatively establish that diversity exists. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001). Costco does not meet this burden because it does not provide any support to show that Lopez is not a citizen of California. (*See generally* Doc. No. 18.) *See also Kanter*, F.3d at 857–58.

**3. Costco has not met its burden to establish fraudulent joinder.**

Costco next claims that Casillas fraudulently joined Hernandez as a defendant because he lacks any factual connection to the incident. (Doc. No. 18 at 8–17.)

Casillas relies on *GranCare* to show that she did not fraudulently join Hernandez since she can state a viable claim against him under California law given his alleged role as the general manager of the Costco location responsible for training employees. (Doc. No. 15 at 8.)

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *GranCare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1044). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey*

*v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* (quoting *Hunter*, 582 F.3d at 1046). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citation omitted); *see also GranCare*, 889 F.3d at 548.

Costco does not assert that there is actual fraud in the pleading of jurisdictional facts, so the Court solely considers whether Casillas can establish a cause of action against Hernandez. The complaint at issue asserts one cause of action of negligence under California law. (Doc. No. 1-2 at 5.) "Under California law, a store manager may be held individually liable for negligence." *Padilla v. Costco Wholesale Corp.*, No. 25-cv-07408-EMC (EMC), 2025 WL 3633035, at *2 (N.D. Cal. Dec. 15, 2025) (collecting cases); *see, e.g.*, *Mackovski v. Costco Wholesale Corp.*, No. 8:23-cv-02272-FWS-DFM, 2024 WL 2732244, at *3 (C.D. Cal. May 28, 2024) ("district courts in the Ninth Circuit have specifically allowed a plaintiff to bring . . . premises liability claims against store managers in situations similar to the instant [a]ction.") (citing cases). "As a result, there is an array of authorities remanding slip-and-fall premises liability cases against nondiverse store managers for lack of fraudulent joinder." *Murdock v. Costco Wholesale Corp.*, No. EDCV 25-02200-MWF (MBKX), 2025 WL 2985227, at *2 (C.D. Cal. Oct. 22, 2025) (citing cases). Under *Padilla*, *Mackovski*, and *Murdock*, Casillas can state a negligence claim against Hernandez under California law, defeating a claim of fraudulent joinder.

Costco's arguments to the contrary are unavailing. For example, Costco cites *McCabe v. General Foods Corp.* for the proposition that "mere employment status or managerial title, without more, is insufficient to establish personal liability." (Doc. No. 18 at 9–10 (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). But *McCabe* is a wrongful termination case—not a personal injury case—giving it no bearing on the negligence claim at issue here. *See McCabe*, 811 F.2d at 1337. Costco also

argues that Hernandez and Lopez are fraudulently joined by citing three cases that address joinder of defendants under Rule 19 after removal, not the more lenient standard for addressing whether a defendant was fraudulently included from the outset of the litigation. (Doc. No. 18 at 10–11, 18 (citing *Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-CV-01140-ODW-AGR, 2015 WL 3889289 (C.D. Cal. June 24, 2015); *Leyba v. Walmart, Inc.*, No. 2:20-cv-07604-ODW (Ex), 2021 WL 8893640 (C.D. Cal. Feb. 2, 2021); *Eguilos v. Volkswagen Grp. of Am., Inc.*, No. 2:22-CV-00614-KJM-KJN, 2022 WL 2713273 (E.D. Cal. July 13, 2022)).) Costco additionally cites out-of-circuit case law for the proposition that a plaintiff cannot bring claims against a supervisor. (Doc. No. 18 at 10, 14) (citing *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433–34 (6th Cir. 2012).) However, this decision is not relevant to whether Casillas can bring certain claims under California law because *Casias* addresses Michigan law. *See Casias*, 695 F.3d at 434.

Costco next offers a declaration from Hernandez purportedly detailing the ways he was not involved. (Doc. No. 18-2.) But courts routinely find that such declarations are self-serving and do not rise to the level of the extraordinarily strong evidence required to demonstrate fraudulent joinder. *See, e.g.*, *GranCare*, 889 F.3d at 551 ("GranCare submitted a declaration from Rhodes in which she denied the allegations and emphasized that her role is largely administrative. But a denial, even a sworn denial, of allegations does not prove their falsity"); *Berryhill v. Costco Wholesale Corp.*, No. 2:23-cv-00315 WBS AC, 2023 WL 3302869, at *2 (E.D. Cal. May 8, 2023) ("a self-serving declaration written by the defendant in question hardly qualifies as the 'extraordinarily strong evidence' required to prove fraudulent joinder.") (citation omitted); *Mackovski*, 2024 WL 2732244, at *4 ("even if the court were to consider defense counsel's declaration, the Ninth Circuit has rejected comparable declarations contesting the truth of a complaint's allegations as insufficient to demonstrate fraudulent joinder."); *Pacheco v. Home Depot U.S.A., Inc.*, No. 24-cv-05590-EKL, 2025 WL 314146, at *2–3 (N.D. Cal. Jan. 28, 2025) (finding an employee-defendant's declaration that "she (1) 'was not working' at the store on the day

of the incident, (2) 'did not observe' the allegedly unsafe condition, and (3) has 'no personal knowledge' of the incident" was insufficient to demonstrate fraudulent joinder).

Under these circumstances, Costco has failed to carry its "heavy burden" to show that Casillas fraudulently joined Hernandez. *GranCare*, 889 F.3d at 548.

**4. The amount in controversy requirement is satisfied.**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy "claimed by the plaintiff controls" unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

Plaintiff seeks $2,000,010.00 in damages. (Doc. No. 1-2 at 11.) Given that Plaintiff seeks more than $75,000, the amount-in-controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

**B. Casillas is entitled to attorney fees for her motion to remand.**

In moving for remand, Casillas also seeks fees. (*See* Doc. No. 15 at 13.)

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively unreasonable basis for seeking removal." *Id.* at 141.

Here, Costco lacked an objectively reasonable basis for removing the action.

First, Costco had no objectively reasonable basis to argue that Lopez is diverse from Casillas. Instead, Costco dismisses its burden to show that Lopez is not a California citizen. (Doc. No. 18 at 17.) Costco also improperly substitutes Rule 19's mandatory joinder test

for the fraudulent joinder test. (*See id.* at 8–17.) This dismissal and attempted sleight of hand shows that Costco had no objectively reasonable basis for claiming complete diversity exists given Lopez's presence in this matter.

Second, Costco similarly had no objectively reasonable basis to argue that Hernandez is diverse from Casillas. Costco does not dispute that Hernandez is a California citizen. (*See id.* at 8.) Rather, Costco relies on wholly inapposite caselaw to argue that the Court should ignore Hernandez's citizenship. (*See supra* at 5–8.) Furthermore, it should have been evident to Costco that out-of-circuit caselaw that does not address California law is irrelevant. (*See supra* at 7.) It also should have been obvious that this case arises in a different procedural posture than cases like *Leyba*, *Calderon*, and *Eguilos*. (*See supra* at 6–7.)

Under these circumstances, the Court cannot find that Costco had an objectively reasonable basis for removing this action to federal court. Casillas is, in turn, entitled to fees. *Martin*, 546 U.S. at 141.

## IV. CONCLUSION

For the foregoing reasons, Casillas's motion to remand is **GRANTED**. The action is **REMANDED** to San Diego County Superior Court.

On or before **August 29, 2026**, Casillas must file a motion for attorney fees and any documentation in support of her request.

**IT IS SO ORDERED**.

Dated: August 6, 2026

Hon. Anthony J. Battaglia
United States District Judge

I hereby attest and certify on Aug 06, 2026 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ M. Quinata
Deputy